UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GOVERNMENTS EMPLOYEES
INSURANCE CO., GEICO INDEMNITY
CO., GEICO GENERAL INSURANCE
COMPANY and GEICO CASUALTY CO.,

                Plaintiffs,

 – against –

EXCEL IMAGING, P.C.,

 – and –

MARK D. FREILICH, M.D., FAISAL
ABDUS SAMI, M.D., TARIQ R. KHAN,
M.D., PERVEZ IQBAL QURESHI, M.D.
a/k/a PERVAIZ QURESHI, M.D., and
NAIYER IMAM, M.D.

      (the "Nominal Owner Defendants")

 – and –

AZFAL M. AMANATA, MOHAMMED
SHAFKAT ILAHI, CLAIMNET L.L.C., and
AMAAR HOLDING INC.,

      (the "Management Defendants")

              Defendants.

**MEMORANDUM & ORDER**

12-CV-723

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 21 2012 ★
BROOKLYN OFFICE

**Appearances:**

Plaintiffs:                P. Stephanie Estevez
                                Law Office of Teresa M. Spina
                                170 Froehlich Farm Blvd.
                                Woodbury, New York 11797

Defendant Mark D. Freilich, M.D.:   Robert Adam Freilich
                                Rottenberg Lipman Rich P.C.
                                369 Lexington Avenue
                                New York, NY 10017

Mark M. Rottenberg
Rottenberg Lipman Rich P.C.
369 Lexington Avenue
New York, NY 10017

All Other Defendants:          Andrew Paul Cooper
Davidoff Hutcher & Citron LLP
200 Garden City Plaza Suite 315
Garden City, New York 11530

Jonathan M. Cader
Davidoff Hutcher & Citron LLP
200 Garden City Plaza Suite 315
Garden City, New York 11530

**JACK B. WEINSTEIN, Senior United States District Judge:**

I.    Introduction ................................................................................................ 2

II.   Facts ........................................................................................................... 4

III.  Procedural History ...................................................................................... 6

III.  Jurisdiction ................................................................................................ 6

IV.   Summary Judgment Standard .................................................................... 6

V.    Statute of Limitations as a Defense ........................................................... 7

VI.   Other Grounds for Dismissal ..................................................................... 9

VII.  Conclusion .................................................................................................. 9

I.   **Introduction**

New York's no-fault insurance laws permit lawfully incorporated medical services corporations, as assignees of no-fault benefits, to collect payment from insurance companies for services provided to injured motorists.   As a prerequisite to reimbursement, they require that these corporations comply with state and local licensing requirements, such as being owned and

operated by physicians who practice through the corporation. *See* 11 N.Y. Comp. Code R. & Regs. tit. 11, § 65–3.16(a)(12).

In the instant case, plaintiff insurance companies ("GEICO") seek to recover payments already made to one such medical services corporation, Excel Imaging, P.C. ("Excel"), and for a declaratory judgment that Excel is not entitled to reimbursement for claims not yet paid. They do not allege that the defendants did not actually provide radiology services to their insureds, or that these services were not medically necessary. Rather, they claim that Excel is not owned and operated by physicians—namely, defendants Mark Freilich, M.D., Faisal Abdus Sami, M.D., Tariq R. Kahn, M.D., Perez Iqbal Qureshi, M.D., and Naiyer Imam, M.D. ("Nominal Owner Defendants")—as required by New York law, but by non-physicians Afzal M. Amanat and Mohammed Shakat Ilahi and their corporations, Claimnet L.L.C. and Amaar Holding, Inc. ("Management Defendants"). Plaintiffs assert that they were billed over $1.2 million in charges for radiology services that the defendants were not entitled to recover because of their incorporation and operation in violation of New York statutes and regulations. They bring claims for: 1) fraud and unjust enrichment under state law against all defendants; and 2) civil Racketeering Influenced Corrupt Organizations Act ("RICO") violations under federal law against the individual defendants.

These same defendants have been sued, by a different group of insurers ("Liberty Mutual"), in a parallel case. *See Liberty Mutual Ins. Co. v. Excel Imaging, P.C.*, 11-CV-5780 (JBW) (E.D.N.Y.). The complaints in both cases allege essentially the same facts and claims and seek the same relief. In both cases, defendant Dr. Freilich and the remaining defendants ("Non-Freilich Defendants") moved to dismiss the complaint based on the statute of limitations and failure to state a claim on which relief can be granted.

3

In the instant case, Dr. Freilich's motion was converted to a motion for summary judgment by the court. *See* Order, Doc. Entry 54, May 10, 2012. During oral argument, the Non-Freilich Defendants' motion was treated by the parties as one for summary judgment.

Oral argument on the motions in both this case and *Liberty Mutual* were heard jointly on June 13, 2012. Following the hearing, the cases were consolidated for the purposes of discovery and pre-trial control. *See* Order, Doc. Entry 63, June 14, 2012.

Defendants' motions for summary judgment in the instant case are denied. While plaintiffs' claims might otherwise be time-barred, a genuine issue of material fact exists as to when they became aware of the fraud and whether they were misled by defendants' affirmative efforts to conceal the fraud, precluding summary judgment. Sufficient facts are alleged to state claims for both civil RICO violations and state law fraud and unjust enrichment.

II.  **Facts**

Plaintiffs are insurance companies with their principle place of business in Chevy Chase, Maryland authorized to conduct business and issue automobile insurance policies in New York. Compl. ¶ 8, Doc. Entry 1, Feb. 14, 2012.

Excel is a New York professional service corporation providing radiology services with its principal place of business at 72-35 51st Avenue in Woodside, NY. *Id.* ¶ 9. It also operates from 3746 Nostrand Avenue in Brooklyn, New York and 5000 Broadway in New York, New York. *Id.* Plaintiffs allege that all of these properties are owned and controlled by the Management Defendants. *Id.*

4

Excel was initially incorporated in New York in 2000. *Id.* Plaintiffs allege that it is the successor to another medical services corporation, Kings Highway Diagnostic Imaging, P.C. d/b/a Ultra Diagnostic Imaging ("Kings Highway"), which was nominally owned by non-party Ravindra Ginde, M.D. *Id.* ¶¶ 10-11. Over the course of its existence, Excel has had several different apparent owners, the Nominal Owner Defendants, as follows:

- Dr. Freilich from June 5, 2000 to September 27, 2006. *Id.* ¶ 14. He was previously an independent contractor of Kings Highway. *Id.* ¶ 44.
- Dr. Sami from May 15, 2006 to May 18, 2010. *Id.* ¶ 16.
- Dr. Khan from June 15, 2006 to May 18, 2010. *Id.* ¶ 17.
- Dr. Qureshi from January 8, 2008 through the present. *Id.* ¶ 18.
- Dr. Imam from February 22, 2011 through the present. *Id.* ¶ 21.

Plaintiffs contend that Excel has been secretly owned and operated by the Management Defendants since its creation. Although defendants Amanat and Ilahi purport to be mere administrators or managers of Excel, it is contended that they in fact control all aspects of its operations and derive economic benefit from it. *Id.* ¶¶ 20-21. Together, they own Claimnet, LLC ("Claimnet") a New Jersey limited liability corporation which purports to provide billing services to Excel and through which, it is charged, they siphon off that corporation's profits. *Id.* ¶ 22. Its main address, 271 Route 46 West in Fairfield, New Jersey is also Excel's billing address. *Id.* Amaar Holding, Inc., a New York corporation also owned by the defendants, owns the property at the Woodside address from which Excel operates. *Id.* ¶ 23.

The facts in the complaint relating to defendants' alleged fraudulent scheme are nearly identical to those in *Liberty Mutual*. For detailed description of these allegations, see Mem. & Order, Doc. Entry 63, *Liberty Mutual Ins. Co. v. Excel Imaging, P.C.*, 11-CV-5780 (JBW) (E.D.N.Y.). These facts are deemed to be true for the purpose of this motion.

5

### III. Procedural History

Plaintiffs filed their complaint in the instant case on February 12, 2012. Dr. Freilich moved to dismiss on several grounds, including expiration of the statute of limitations and failure to state a claim. *See* Def. Mark D. Freilich's Mem. in Supp. of His Mot. to Dismiss, Doc. Entry 50, May 03, 2012. The Non-Freilich Defendants moved to dismiss the complaint on a variety of grounds, including expiration of the statute of limitations and failure to state a claim. *See* Non-Freilich Defs.' Mem. of L., Doc. Entry 58, May 25, 2012. Their motions will be treated as ones for summary judgment.

### III.    **Jurisdiction**

Subject matter jurisdiction exists as to plaintiff's RICO claims, as they present a federal question. 28 U.S.C. § 1331. Supplemental jurisdiction over the state law claims is exercised, as they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

### IV.    **Summary Judgment Standard**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and if the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999). In ruling on a motion for summary judgment, the evidence must be construed in the light most favorable to the non-moving party and all reasonable inferences drawn in its favor. Fed. R. Civ. P. 56(c); *see Anderson*, 477 U.S. at 247–50, 255; *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009).

6

The burden rests on the moving party to demonstrate the absence of a genuine issue of material fact. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the moving party appears to have met this burden, the opposing party must produce evidence that raises a question of material fact to defeat the motion. *See* Fed. R. Civ. P. 56(e). This evidence may not consist of "mere conclusory allegations, speculation or conjecture." *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996); *see also Delaware & Hudson Ry. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) ("Conclusory allegations will not suffice to create a genuine issue.").

## V.   Statute of Limitations as a Defense

Defendants allege that plaintiffs' claims are time-barred because plaintiffs were aware of facts that put them on inquiry notice of the fraud some time prior to the filing of the complaint. For the reasons stated in *Liberty Mutual* case, this defense is without merit. *See* Mem. & Order, Doc. Entry 63, *Liberty Mutual Ins. Co. v. Excel Imaging, P.C.*, 11-CV-5780 (JBW) (E.D.N.Y.).

As noted in that decision, a four-year statute of limitations applies to plaintiffs' civil RICO claims, and a three-year statute of limitations applies to plaintiffs' state law fraud and unjust enrichment claims. *See id.* Part IV(A)-(B). These statutes of limitations may be equitably tolled by defendants' concealment of the fraud. *See id.* Part IV(C).

Defendants assert that the plaintiffs were on inquiry notice of the fraud as early as 2003. They rely on a number of facts, both public and private, that should have alerted the plaintiffs to the ongoing scheme:

- In 2003, the predecessor to Excel, Kings Highway, was under investigation by the insurance industry. That same year, in a proceeding initiated by another insurance

7

company, Dr. Freilich testified that Excel existed only for billing purposes. Although he was nominally the owner of Excel, he stated that his relationship with the Management Defendants was the same as it had been when he was an independent contractor for Kings Highway.

- In 2005, Dr. Ginde, the owner of Kings Highway, was disciplined by the New York Board of Medical Examiners.
- In 2006 and 2007, respectively, Dr. Freilich was disciplined by the New Jersey and New York Boards of Medical Examiners.
- In 2007, Kings Highway's certificate of incorporation was revoked.

The records of these disciplinary actions, as well as records of incorporation, are public.

It is plaintiffs' contention that they were not aware of the defendants' fraud until the complaint was filed in *Liberty Mutual*. They allege that GEICO's Special Investigation Unit was not in possession of Dr. Freilich's 2003 testimony until November 23, 2011, when the *Liberty Mutual* complaint was filed. Pls.' Supp. Mem. of L. in Opp. to Def. Freilich's Converted Mot. for Summ. J. Ex. 1 (Aff. of Sharyl Derenthal ¶ 2), Doc. Entry 59, June 1, 2012. While GEICO was aware of the suspension of Dr. Freilich's license in 2007, it contends that this fact would not have alerted GEICO's Special Investigation Unit to the existence of a fraudulent scheme involving Excel. *Id.* ¶ 3. Dr. Freilich was disciplined for practicing negligently and incompetently and for permitting his name to be used improperly on the letterhead of a New Jersey professional services corporation. *See id.* Moreover, by 2007, Dr. Freilich was no longer associated with Excel. *Id.* Nothing on the face of these proceedings indicated that Dr. Freilich's relationship with Excel was fraudulent. Nor would they have adverted plaintiffs' to the existence of the scheme which is the basis of the present action. *See id.* Similarly, neither the disciplinary proceedings against Dr. Ginde, nor the suspension of his license, would have alerted GEICO to the existence of the instant scheme. *See id.* ¶ 4. Dr. Ginde never owned nor was associated with Excel, but only with its predecessor corporation, Kings Highway. Moreover, the charges against Dr. Ginde were related to negligent interpretation of MRIs, not fraud.

8

Plaintiffs also cite the significant efforts that Excel undertook to conceal the fraud. They included frequently changing nominal owners, submitting facially valid bills, and pursuing compensation for unpaid bills through state court litigation. These efforts, they contend, frustrated their uncovering the fraud now charge.

A genuine issue of material fact exists as to when plaintiffs could reasonably have been expected to discover the fraud. Since defendants appear to have taken significant steps to conceal their fraud, plaintiffs are entitled to an opportunity to prove equitable estoppel.

VI.    **Other Grounds for Dismissal**

Defendants allege that plaintiffs' claims must be dismissed on several grounds other than the statute of limitations. The Non-Freilich Defendants claim that plaintiffs' have failed to adequately state a claim for RICO conspiracy, and that they have not adequately alleged an enterprise that is distinct from the pattern of racketeering activity. They also claim that plaintiffs have failed to plead fraud with sufficient particularity. Dr. Freilich claims that plaintiffs' unjust enrichment claims fail as a matter of law.

These contentions are without merit. In *Liberty Mutual*, it was found that the same contentions were sufficient to survive a motion to dismiss on the pleadings. *See* Mem. & Order Part VIII, Doc. Entry 63, *Liberty Mutual Ins. Co. v. Excel Imaging, P.C.*, 11-CV-5780 (JBW) (E.D.N.Y.). They are also sufficient to survive summary judgment.

VII.   **Conclusion**

Defendants' motions are denied.

The case is set down for jury selection and trial on October 22, 2012.

9

All *in limine* motions shall be heard on October 9, 2012.  By that day, the parties shall provide each other with lists of witnesses and summaries of their proposed testimony, lists of marked exhibits, and proposed jury charges.

A hearing on *Daubert* and dispositive motions shall be held on September 24, 2012.

The magistrate judge is respectfully requested to expedite discovery and engage the parties in settlement negotiations.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:   June 21, 2012
        Brooklyn, New York

10